IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2017 MAR 16 PM 2:57
CLERK
WESTERN
BY

| | |
|---|---|
| BUDDY HUMPHRIES and KATHY HUMPHRIES,<br>　　　　　Plaintiffs,<br><br>-vs-<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS INC. ASSET-BACKED CERTIFICATES SERIES 2005-17,<br>　　　　　Defendant. | CAUSE NO.:<br>A-16-CA-01122-SS |

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates 2005-17 (BONY)'s Motion for Summary Judgment [#16], Plaintiff Buddy Humphries and Kathy Humphries (Plaintiffs)' Response [#18] in opposition, and BONY's Reply [#19] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

This case involves a mortgage-foreclosure dispute. In 2005, Plaintiffs purchased property located at 226 The Oaks Boulevard, Elgin, Texas 78621 (Property). Notice Removal [#1-1] Ex. A (Original Pet.) ¶ 7. Plaintiffs financed the Property with a $285,000 note (Note) in favor of Countrywide Home Loans, Inc. (Countrywide), which was secured by a deed of trust (Deed of Trust). Mot. Summ. J. [#16-1] Ex. A-1 (Note); *id.* [#16-2] Ex. B (Deed of Trust). The



Deed of Trust contains an optional acceleration clause: "If the default is not cured on or before the date specified in the notice [of default], Lender as its option may require immediate payment in full of all sums secured by this [Deed of Trust] . . . ." Deed of Trust ¶ 22.  In addition, the Deed of Trust named Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary and as nominee for Countywide and its successors. *Id.* at 2. In 2011, MERS assigned the Deed of Trust to BONY. Mot. Summ. J. [#16-3] Ex. C (Assignment of Deed of Trust).

Plaintiffs allege Hughes, Watters & Askanase, LLP, on behalf of BONY, sent Plaintiffs a notice of acceleration dated April 2, 2012 (April 2012 Notice of Acceleration). Original Pet. ¶ 14. On July 28, 2013, Specialized Loan Servicing, LLC (SLS) sent Plaintiffs a notice of default and notice of intent to accelerate (July 2013 Notice of Default). Mot. Summ. J. [#16-1] Ex. A-2 (July 2013 Notice of Default). In the July 2013 Notice of Default, SLS requested payment for less than the accelerated amount of Plaintiffs' loan and stated the loan would be accelerated if Plaintiffs did not cure the default within 30 days. *Id.* at 1.

Effective November 1, 2013, Green Tree Servicing LLC (Green Tree) replaced SLS as servicer of the loan. *Id.* Ex. A (Hardwick Decl.) ¶ 5. On December 30, 2013, Green Tree sent Plaintiffs a second notice of default (December 2013 Notice of Default). *Id.* Ex. A-3 (Dec. 2013 Notice of Default). On February 11, 2014, Green Tree sent Plaintiffs a third notice of default (February 2014 Notice of Default). *Id.* Ex. A-4  (Feb. 2014 Notice of Default). Both the December 2013 Notice of Default and the February 2014 Notice of Default requested payment for less than the accelerated amount of Plaintiffs' loan and stated the loan would be accelerated if Plaintiffs did not cure the default within 30 days. Dec. 2013 Notice of Default at 1; Feb. 2014 Notice of Default at 1.

On November 26, 2014, Riney Packard PLLC (Riney Packard), on behalf of Green Tree, sent Plaintiffs a fourth notice of default (November 2014 Notice of Default), which requested payment for less than the accelerated amount of Plaintiffs' loan and stated the loan would be accelerated if Plaintiffs' did not cure the default within 30 days. *Id.* [#16-4] Ex. D-1 (Nov. 2014 Notice of Default). On September 24, 2015, Riney Packard sent Plaintiffs a notice of acceleration, explaining the maturity date of Plaintiffs' Note had been accelerated. *Id.* Ex. D-2 (Sept. 2015 Notice of Acceleration). Subsequently, on May 26, 2016, Riney Packard sent Plaintiffs a Notice of Sale by Substitute Trustee, stating the foreclosure sale of Plaintiffs' property was scheduled for July 5, 2016. *Id.* Ex. D-3 (May 2016 Notice of Sale). The foreclosure sale was conducted on July 5, 2016, and a substitute trustee's deed was recorded on July 14, 2016. *Id.* [#16-5] Ex. E (Substitute Trustee's Deed).

On August 29, 2016, Plaintiffs filed this action in state court, alleging the April 2012 Notice of Acceleration triggered the four-year statute of limitations under Section 16.035 of the Texas Civil Practice and Remedies Code and therefore barred BONY's foreclosure on the Property in July of 2016. Original Pet. ¶ 34. Plaintiffs request declaratory relief that BONY held no valid lien of debt against the Property at the time of the foreclosure and both the foreclosure sale and the Substitute Trustee's Deed are void. *Id.* at 7. Plaintiffs also request damages under the Deceptive Trade Practices Act (DTPA), the Fair Debt Collections Practices Act (FDCPA), and Section 12.002 of the Texas Civil Practices and Remedies Code. *Id.*

On October 5, 2016, BONY filed a timely notice of removal, and the case was assigned to this Court. Notice Removal [#1]. BONY then filed a motion for summary judgment on January 23, 2017. Mot. Summ. J. [#16]. The motion has been fully briefed and is now ripe for review. For the reasons described below, the Court grants the motion.

3

## Analysis

### I. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers*

*Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

### A. Declaratory Relief

Plaintiffs argue BONY was barred from foreclosing on the Property by the four-year statute of limitations under Section 16.035 of the Texas Civil Practice and Remedies Code. Specifically, they claim the April 2012 Notice of Acceleration triggered the limitations period, and BONY's foreclosure of the Property in July 2016, just over four years later, was void. Plaintiffs seek declaratory relief on these grounds.

Under Section 16.035(b), "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b). In general, if a note on a real property lien is payable in installments, the four-year limitations period begins to run at the maturity date of the last installment. *Id.* § 16.035(e). After four years from accrual, "the real property lien and a power of sale to enforce the real property lien become void." *Id.* § 16.035(d).

But "[i]f a note or deed of trust secured by real property contains an optional acceleration clause, . . . the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). To exercise an acceleration option, the noteholder must send a notice of intent to accelerate and a notice of acceleration. *Id.* Both notices must be "clear and unequivocal." *Id.* A noteholder may abandon acceleration "by agreement or other action of the parties." *Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st] 2012, no pet.) (internal citation omitted). For example, "[a] lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (internal citation omitted); *see also Wolf*, 44 S.W.3d at 104 (A noteholder abandons acceleration if it "continues to accept payments without exacting any remedies available to it upon declared maturity."). "Abandonment of acceleration has the effect of restoring the contract to its original condition, including restoring the note's original maturity date" for accrual purposes. *Khan*, 371 S.W.3d at 353 (internal citation omitted).

BONY cites the Fifth Circuit's decision in *Boren* to support its assertion that the April 2012 Notice of Acceleration of Plaintiffs' loan was abandoned.[1] In that case, defendant-lender sent plaintiff-debtors a notice of default and, after plaintiffs failed to cure the default, a notice of acceleration. *Boren*, 807 F.3d at 102. This notice of acceleration triggered the four-year statute of limitations. *Id.* at 104. However, defendant then sent a second notice of default, stating that "the total amount necessary to bring [plaintiffs'] loan current was the amount due under the

---

[1] Plaintiffs suggest any reliance on *Boren* is misplaced because the decision is "based upon an 'Erie guess' by the court as to how the Texas Supreme Court would resolve the issue . . . and application of this 'Erie guess,' at least in the instant case, would be in error, considering the development of the law in this area by the Texas Supreme Court." Resp. [#18] at 3. Regardless of Plaintiffs' opinion of whether *Boren* was correctly decided, this Court is bound by the Fifth Circuit's decisions. *See Murphy v. HSBC Bank U.S.A.*, No. CV H-12-3278, 2017 WL 393595, at *20 (S.D. Tex. Jan. 30, 2017).

original terms of the Note and that the bank would accelerate the maturity date of the loan if [plaintiffs] failed to pay this amount." *Id.* at 106. The Fifth Circuit found this second notice of default "unequivocally manifested an intent to abandon [defendant's] previous acceleration and provided [plaintiffs] with an opportunity to avoid foreclosure if they cured their arrearage." *Id.* Thus, limitations ceased to run and a new limitations period would not begin until plaintiffs defaulted once more and defendant again exercised its right to accelerate. *Id.*

Here, the April 2012 Notice of Acceleration initially triggered the four-year statute of limitations. But the acceleration was abandoned when Green Tree sent the July 2013 Notice of Default to Plaintiffs. As in *Boren*, the July 2013 Notice of Default requested less than the full amount of Plaintiffs' loan and informed Plaintiffs that the maturity date of the loan would be accelerated if they did not cure their default. July 2013 Notice of Default at 1. Once acceleration was abandoned by the July 2013 Notice of Default, limitations ceased to run until Riney Packard, on behalf of Green Tree, sent Plaintiffs the September 2015 Notice of Acceleration. Thus, BONY had four years from the September 2015 Notice of Acceleration to foreclose on the Property.

Plaintiffs argues summary judgment is improper because a fact issue remains as to whether BONY accelerated the Note. Resp. [#18] at 2 (citing *Wolf*, 44 S.W.3d at 568). While it is true that "whether a holder has accelerated a note is a fact question," *Wolf*, 44 S.W.3d at 568, the issue here is whether the July 2013 Notice of Default was sufficient to constitute abandonment of the 2012 April Notice of Acceleration. And, as BONY points out, the Fifth Circuit and Texas district courts have frequently granted summary judgment on that issue. *See,*

7

*e.g. Boren*, 807 F.3d at 106; *Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 F. App'x 430, 433 (5th Cir. 2016); *Murphy*, 2017 WL 393595, at *4.[2]

Plaintiffs also assert "equitable reasons to deny Defendant the summary judgment it seeks." Resp. [#18] at 5. They cite *Callan v. Deutsche Bank Tr. Co. Americas*, 11 F. Supp. 3d 761, 770 (S.D. Tex. 2014), for the proposition that "where the debtor acted in reliance on a particular course of action by the noteholder of either accelerating the debt or waiving its right to accelerate, the noteholder should be estopped from later changing course to the detriment of the debtor." Resp. [#18] at 5. In an amended judgment, however, the court in *Callan* found plaintiff-debtor failed to show she detrimentally relied on acceleration of her loan, despite her claim that she filed for bankruptcy as a result of the acceleration. *Callan v. Deutsche Bank Tr. Co. Americas*, 93 F. Supp. 3d 725, 737 (S.D. Tex. 2015). Here, Plaintiffs have alleged no facts in their complaint and have provided no summary judgment evidence showing they detrimentally relied on the April 2012 Notice of Acceleration.

In sum, Plaintiffs' claim that BONY's authority to foreclose on the Property was barred by the four-year statute of limitations is without merit. The July 2013 Notice of Default and subsequent notices show the April 2012 Notice of Acceleration was abandoned. The limitations period did not begin again until Plaintiffs received the September 2015 Notice of Acceleration.

---

[2] Plaintiffs also claim the July 2013 Notice of Default and all subsequent notices "fall far short of clear and unequivocal, and the meaning of the intention expressed therein is far from undisputed." Resp. [#18] at 4. The Court disagrees. Similar to the notice of default in *Boren*, the July 2013 Notice of Default states to cure the default, Plaintiffs must pay "all past due payments plus late charges and any payments that may become due between the date of this notice and the date the default is cured." July 2013 Notice of Default at 1; *Boren*, 807 F.3d at 104 ("The Second Notice of Default stated that [plaintiffs] could bring their loan current by submitting the amount of their past due monthly payments—rather than the full balance of the loan. . . ."). In addition, the July 2013 Notice of Default explains if the debt is not cured, the loan will be accelerated. July 2013 Notice of Default at 1; *Boren*, 807 F.3d at 104 (The Second Notice of Default "provided that the bank *would* accelerate the loan if [plaintiffs] failed to cure th[e] arrearage . . . .").

The Court therefore GRANTS summary judgment for BONY with regard to Plaintiffs' requested declaratory relief.

**B.    Statutory Claims**

Plaintiffs also allege claims under the DTPA, FDCPA, and Section 12.002 of the Texas Civil Practice and Remedies Code. In alleging these claims, however, Plaintiff only states in the Prayer of their Original Petition that they request "[d]amages against Defendants pursuant to the Deceptive Trade Practices Act and Fair Debt Collections Practices Act," and "[d]amages against Defendants pursuant to Tex. Civ. Prac. & Rem. Code § 12.002 of not less than $100,000." Original Pet. at 7. Besides this request for damages, Plaintiffs provide no other facts or evidence establishing the elements of their statutory claims. Further, to the extent any of the statutory claims are based on Plaintiffs' allegation that BONY did not have authority to foreclose on the Property, the claims fail. As explained above, the summary judgment evidence shows the statute of limitations did not bar BONY from enforcing the Deed of Trust and foreclosing on the Property. Therefore, the Court GRANTS summary judgment for BONY with regard to Plaintiffs' claims under the DTPA, FDCPA, and Section 12.002 of the Texas Civil Practice and Remedies Code.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee of the Certificate Holders CWABS, Inc., Asset-Backed Certificates 2005-17's Motion for Summary Judgment [#16] is GRANTED.

SIGNED this the ___16th___ day of March 2017.

                                                           SAM SPARKS
                                                           UNITED STATES DISTRICT JUDGE