IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BUDDY HUMPHRIES and KATHY HUMPHRIES,
Plaintiffs,

-vs-

Case No. A-16-CA-1122-SS

THE BANK OF NEW YORK MELLON f/k/a The
Bank of New York as Trustee for the
certificateholders of CWABS, Inc., Asset-Backed
Certificates, Series 2005-17,
Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Plaintiffs Buddy Humphries and Kathy Humphries (Plaintiffs)' Motion for a New Trial [#24] and Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates 2005-17 (BONY)'s Response [#25] in opposition. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

Although the Court previously recounted the facts of this case in its March 16, 2017 Order, the Court briefly revisits the facts here to provide context. *See* Order of Mar. 16, 2017 [#22] at 1–3.

This case involves a mortgage-foreclosure dispute. In 2005, Plaintiffs purchased a property (the Property) with a $285,000 note (Note) in favor of Countrywide Home Loans, Inc. (Countrywide), which was secured by a deed of trust (Deed of Trust). *Id.* at 1. The Deed of Trust contained an optional acceleration clause: "If the default is not cured on or before the date specified in the notice [of default], Lender as its option may require immediate payment in full of all sums secured by this [Deed of Trust] . . . ." *Id.* at 2. In 2011, the Deed of Trust was assigned to BONY. *Id.*

Thereafter, Plaintiffs received a notice of acceleration dated April 2, 2012 (April 2012 Notice of Acceleration). Over a year later, on July 28, 2013, Specialized Loan Servicing, LLC (SLS), the servicer of the loan, sent Plaintiffs a notice of default and notice of intent to accelerate (July 2013 Notice of Default). *Id.* In the July 2013 Notice of Default, SLS requested payment for less than the accelerated amount of Plaintiffs' loan and stated the loan would be accelerated if Plaintiffs did not cure the default within thirty days. *Id.*

Effective November 1, 2013, Green Tree Servicing LLC (Green Tree) replaced SLS as servicer of the loan. *Id.* Green Tree subsequently sent Plaintiff a second notice of default on December 30, 2013 and a third notice of default on February 11, 2014. *Id.* Both of these default notices requested payment for less than the accelerated amount of Plaintiffs' loan and stated the loan would be accelerated if Plaintiffs did not cure the default within thirty days. *Id.* After Plaintiffs were sent a fourth notice of default in November 2014, Plaintiffs were then sent a notice of acceleration in September 2015, which explained the maturity date of the Note had been accelerated. *Id.* at 3. Subsequently, on May 26, 2016, Plaintiffs were sent a Notice of Sale by Substitute Trustee, stating the foreclosure sale of the Property was scheduled for July 5, 2016. *Id.* The foreclosure sale was then conducted on July 5, 2016. *Id.*

In August 2016, Plaintiffs filed this action in state court, alleging the April 2012 Notice of Acceleration triggered the four-year statute of limitations under Section 16.035 of the Texas Civil Practice and Remedies Code and therefore barred BONY's foreclosure on the Property in July of 2016. *Id.* at 3. After the issues were fully briefed, the Court granted summary judgment for BONY, finding (1) the statute of limitations had not run on BONY's ability to foreclose on the Property and (2) Plaintiffs provided no facts or evidence establishing Plaintiffs' claims under the Deceptive Trade Practices Act (DTPA), the Fair Debt Collections Practices Act (FDCPA), and Section 12.002 of the Texas Civil Practices and Remedies Code. *Id.* at 5–9. On April 13, 2017, Plaintiffs filed a motion for a new trial. BONY responded and, for reasons described below, the Court denies the motion.

## Analysis

### I. Legal Standard

Although Plaintiffs filed a motion for a new trial, this case featured no trial but was decided on summary judgment. *See* Order of Mar. 16, 2017 [#22]. Therefore, the Court construes Plaintiffs' motion as a Rule 59(e) motion to alter or amend judgment.

Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend that judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, correct inadvertent clerical errors, or review newly discovered evidence. *Id.* Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favor[s] the denial of motions to alter or amend a judgment.'" *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-cv-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made in light of two "important judicial imperatives": (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts. *Templet*, 367 F.3d at 479.

### II. Application

In their motion, Plaintiffs argue the Court should have denied BONY's summary judgment because an issue of material fact exists on whether the Note was accelerated in 2012.[1] Mot. New Trial [#24] at 3. In

---

[1] Plaintiffs make no arguments specifically addressing the Court's ruling on Plaintiffs' claims under the DPTA, FDCPA, or Section 12.002 of the Texas Civil Practices and Remedies Code. *See* Mot. New Trial [#24] at 2–3. Therefore, the Court does not reevaluate these claims here.

support of their position, Plaintiffs emphasize how the second notice of default, sent on December 30, 2013, did not require further notice for acceleration or foreclosure. *Id.* at 2.

Yet, the Court already disposed of this argument by Plaintiffs in its order granting summary judgment for BONY. *See* Order of Mar. 16, 2017 [#22] at 7 (finding that, although whether a holder accelerated a note is a fact question, the issue in this case was whether acceleration had been abandoned); *see also Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (affirming the district court's grant of summary judgment for the lender because the note manifested intent to abandon previous acceleration and provided debtor with opportunity to avoid foreclosure). Concluding the 2013 July Notice of Default was sufficient to constitute abandonment of the 2012 April Notice of Acceleration, the Court found BONY had four years from the notice of acceleration, which was mailed in September 2015, to foreclose on the Property. *Id.* Therefore, the Court concluded the statute of limitations had not run on BONY's foreclosure of the property. *Id.*

Plaintiffs identify no manifest error of fact or law, newly discovered evidence, manifest injustice, or intervening change in controlling law. *See* Mot. New Trial [#24]. Because Plaintiffs merely rehash their prior arguments, the Court DENIES Plaintiff's motion for reconsideration.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for a New Trial [#24] is DENIED.

SIGNED this the 3rd day of May 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE